ORIGINAL



FILED

03/28/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0146

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 22-0146

STATE OF MONTANA,

Plaintiff and Appellee,

v.

TYLER FREDERICK ERICKSON,

Defendant and Appellant.

FILED

MAR 2 8 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Before the Court is Tyler Erickson's request to withdraw the briefing in this appeal and remove Michael Klinkhammer as his attorney of record.

After briefing was completed and the case submitted to the Court but before we issued a decision, Erickson wrote to this Court requesting that we vacate our current review, remove Klinkhammer as his attorney of record, and forward the case to the Office of Appellate Defender for re-briefing. Erickson raised concerns about the quality of Klinkhammer's representation, alleging that Klinkhammer was difficult to reach, did not withdraw from representing Erickson despite Erickson's request, did not raise on appeal all issues Erickson wanted raised, did not provide Erickson with a copy of the State's response, and failed to file a reply. We provided a copy of Erickson's letter to all counsel of record and allowed Klinkhammer to respond.

Klinkhammer responded, largely contesting Erickson's allegations. In conformance with the Montana Rules of Professional Conduct, Klinkhammer detailed the legal services he provided to Erickson and included a time record and an affidavit from his office manager. *See* M. R. Pro. Cond. 1.6(b)(5) (allowing limited revelation of confidential information "to respond to allegations in any proceeding concerning the lawyer's representation of the client"). Klinkhammer states that he never received a withdrawal request from Erickson, that he raised on appeal only effective issues supported by fact and law, that he did not provide a

copy of the State's response to Erickson because Klinkhammer was ill at the time, and that he did not file a reply because his review of the State's response revealed no new issues requiring reply.

Appellate attorneys are not required to raise every cognizable issue to be considered effective. *Rose v. State*, 2013 MT 161, ¶ 15, 370 Mont. 398, 304 P.3d 387. Erickson has not demonstrated that the ineffective trial assistance claim he wanted to raise was "clearly stronger" than the two issues Klinkhammer chose to raise in the opening brief. *See Rose*, ¶ 28. Further, filing a reply brief is optional. M. R. App. P. 12(3). Upon review, we find Klinkhammer's opening brief adequate for us to decide the appeal and no clear indication that Erickson fired Klinkhammer before Klinkhammer submitted briefing. Any of Erickson's outstanding ineffective assistance of appellate counsel claims regarding client-attorney communication or funds are better asserted in a timely filed petition for post-conviction relief to the Lake County District Court. *See* Title 46, ch. 21, MCA.

IT IS THEREFORE ORDERED that Erickson's request to withdraw briefing and remove Klinkhammer is DENIED. The appeal will be decided on the submitted briefs.

The Clerk is directed to give notice of this Order to all counsel of record and to Tyler Erickson personally.

Dated this 26 day of March, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

2